IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-02436-MSK-KMT

FRANKLIN GALE,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation,

    Defendant.

---

## OPINION AND ORDER ON
## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S RULING
## AND DEFENDANTS MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Objection (#**62**) filed by Plaintiff Franklin Gale ("Mr. Gale") to the Magistrate Judge's Order (#**60**) which granted Defendant the City and County of Denver's ("Denver") Motion for Leave to Amend its Answer (#**32**). Denver filed a Response to Mr. Gale's Objection (#**67**), and Mr. Gale filed a Reply (#**69**) and a Supplement (#**75**).

Also before the Court is Denver's Motion for Summary Judgment (#**71**), as to which Mr. Gale has filed a Response (#**76**), Denver has filed a Reply (#**79**), and Mr. Gale has filed two Supplements (##**80, 81**). For the reasons that follow, the Court overrules Mr. Gale's Objection and further concludes that Denver is entitled to summary judgment in its favor on its affirmative defense of *res judicata*.

## JURISDICTION AND PROCEDURAL FACTS

Mr. Gale brings his claims under 42 U.S.C. § 1983, and the Court exercises jurisdiction under 28 U.S.C. §§ 1331 & 1343.

Mr. Gale filed his Complaint on September 28, 2016 and Denver answered on November 14, 2016. The Scheduling Order set a deadline of December 20, 2016 for the amendment of pleadings.[1] After that deadline, Denver filed a Motion for Leave to Amend, seeking to add an affirmative defense of *res judicata*, which motion the Magistrate Judge granted. Denver then filed its Amended Answer containing the new affirmative defense. Mr. Gale timely filed an Objection to the Magistrate Judge's Order arguing that: (1) Denver's amendment was untimely and that it had been waived, and (2) permitting amendment would cause Mr. Gale unfair prejudice. On September 25, 2017, Denver filed its Motion for Summary Judgment in its favor on its *res judicata* defense.

## FACTUAL BACKGROUND

The following summary of facts is drawn from the factual submissions in the parties' summary judgment briefing and the facts are construed most favorably to the non-movant, Mr. Gale. Where more facts are necessary for the Court's analysis they are discussed in greater detail below.

Mr. Gale was employed by the Denver Sheriff Department ("DSD") for many years, but his employment was terminated by Denver's Civilian Review Administrator (the "Administrator") on January 21, 2015.[2] Mr. Gale challenged the termination decision in an

---

[1] As the Magistrate Judge recognized at the Scheduling Conference, this deadline had already passed by the time the Scheduling Order was entered. (#**74** at 9).

[2] Mr. Gale's termination resulted from an incident in which another DSD officer was arrested and held overnight at Denver's Downtown Detention Center, where Mr. Gale was acting as the Division Chief. After being arraigned the next morning, the other officer was

2

administrative appeal before Denver's Career Service Authority ("CSA"). A hearing officer conducted a five-day hearing during which Mr. Gale was represented by counsel and both sides presented evidence and argument. Mr. Gale argued that Denver lacked evidence to support its allegations of rule violations, had not followed its own rules for employee discipline, that the Administrator who made the termination decision lacked the authority to do so under Denver's Charter, and that his firing was in retaliation for his participation in union activities.

The hearing officer affirmed Denver's termination decision in a written decision. (#**71-8**). Mr. Gale appealed the hearing officer's decision to Denver's full Career Service Board, which affirmed the hearing officer's decision. Mr. Gale then filed a civil action in Denver District Court seeking judicial review of the decisions, pursuant to C.R.C.P. 106(a)(4) (the "state court action," or the "C.R.C.P. 106(a)(4) action"). In the C.R.C.P. 106(a)(4) action, Mr. Gale challenged his discharge on the basis that the Administrators action had been *ultra vires*, but he did not argue that it had been retaliatory or in violation of his constitutional rights. (#**71-12** ¶¶ 28–29; #**71-13**).

Just over a month after filing the state court action, Mr. Gale brought this action pursuant to 42 U.S.C. § 1983. In this action, Mr. Gale alleges that Denver violated his First Amendment rights to free speech and free association because he was discharged in retaliation for his union affiliation and leadership roles with the Fraternal Order of Police, and for making public statements contrary to Denver's official positions. (#**1** ¶¶ 35–89 & 118–140). Denver maintains that Mr. Gale's discharge was a lawful disciplinary action warranted by Mr. Gale's violation of rules and regulations applicable to DSD employees.

---

permitted to leave the courtroom by a public entrance, rather than returning through the DDC to sign release papers. (#**71-8** at 2–3). During an ensuing investigation, Denver concluded that Mr. Gale had been dishonest about his role in these events, warranting discharge. (#**71-1**).

While this action was pending, the state district court ruled in Denver's favor in the C.R.C.P. 106(a)(4) action. (#**71-13**).[3] Denver then sought to amend its Answer to add the affirmative defense of *res judicata*, arguing that because Mr. Gale could have brought the § 1983 claims in the C.R.C.P. 106(a)(4) action, they are barred in this action. The Magistrate Judge granted leave for Denver to amend, and Denver then moved for summary judgment in its favor on its *res judicata* defense.

## ANALYSIS

### I. Order authorizing amendment

The Court first addresses Plaintiff's Objection (#**62**) to the Magistrate Judge's Order (#**60**) allowing Denver to add a *res judicata* defense following the state district court's ruling in the C.R.C.P. 106(a)(4) action, but after the previously-set deadline for amendment of pleadings.

Under Fed. R. Civ. P. 72(a) & (b), a district court's review is limited to matters which are the subject of a particularized objection. If the objection is made to an order of a magistrate judge on a non-dispositive motion, a district judge can modify or set aside the order if found to be clearly erroneous or contrary to law. *Gomez v. Martin Marietta Corporation*, 50 F.3d 1511 (10th Cir. 1995); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131 (D. Colo. 1996). Under the clearly erroneous standard, a reviewing court can affirm the determination unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). If the order of a magistrate

---

[3] The state district court's ruling was affirmed by the Colorado Court of Appeals. (#**80-1**). *Gale v. Career Serv. Auth. Bd. of the City & Cnty. of Denver*, No. 17CA0736, 2018 WL 1545485 (Colo. App. Mar. 29, 2018). On May 11, 2018, Mr. Gale filed a petition for certiorari in the Colorado Supreme Court. (#**81**).

judge pertains to a dispositive matter, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Here, the parties dispute which standard of review should be applied. Normally, a motion to amend is nondispositive, particularly where a claim or defense is added rather than eliminated. *See Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010). That apparently is how the Magistrate Judge viewed the matter, issuing an Order rather than a recommendation.

The Court agrees that in this context, the Motion to Amend was a nondispositive motion. The addition of an affirmative defense of *res judicata* was just that - the addition of a defense. It did not foreclose a claim asserted by the plaintiff, even if it ultimately led to the filing of a Motion for Summary Judgment, or a ruling in Denver's favor. In other words, the Magistrate Judge's ruling did not limit the arguments that could be advanced in the case. In contrast, had the Magistrate Judge *denied* leave to amend, excluding a claim or defense, that decision would likely be treated as dispositive.[4] *Ocelot Oil*, 847 F.2d at 1463. Therefore the Court applies the clearly erroneous standard of review.

Mr. Gale contends that the Magistrate Judge's Order was erroneous because (1) Denver's amendment was untimely or had been "waived," and (2) the Magistrate Judge improperly failed to consider its prejudicial effect upon Mr. Gale. This Court finds no clear error. The Magistrate Judge applied the correct legal standards, observing that Denver needed both (1) to establish "good cause" under Fed. R. Civ. P. 16(b)(4) to permit amendment after the deadline set in the scheduling order; and also, (2) to satisfy the standard for permitting amendment under Fed. R. Civ. P. 15(a). *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

---

[4] Mr. Gale relies on a district court decision, *Cuenca v. University of Kansas*, 205 F.Supp.2d 1226, 1228 (D. Kan. 2002). That court also recognized that a motion to amend is ordinarily non-dispositive, especially when the amendment is allowed.

Under Rule 16, the Magistrate Judge found that the entry of judgment in the state court action was new information providing "good cause" to permit Denver's amendment. The Court sees no clear error in that determination. The new information was entry of judgment in the C.R.C.P. 106(a)(4) action, without which the affirmative defense of *res judicata* would not be applicable. Even assuming Denver *might* have pled *res judicata* as a defense contingent upon entry of a future judgment, Mr. Gale showed no lack of diligence by Denver under Rule 16. *Minter v. Prime Equip.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Under Rule 15, the Magistrate Judge correctly recognized the judicial preference for permitting amendment so that all claims and defenses can be resolved on their merits, rather on procedural grounds. *Id.* at 1201. Leave to amend is ordinarily denied only in limited circumstances. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Applying these standards, the Magistrate Judge did not clearly err.

Mr. Gale argues he is prejudiced because he must now address Denver's *res judicata* defense, but addressing the defense on its merits is consonant with the policy behind Rule 15. *Minter*, 451 F.3d at 1204. To the extent Mr. Gale suggests Denver proceeded in bad faith, or purposefully withheld its affirmative defense until Mr. Gale could no longer add claims in the state court action, his argument is unsupported by the factual record. Mr. Gale identifies no legal authority under which the Magistrate Judge clearly erred, or showing that Denver was obliged to disclose its *res judicata* defense sooner or differently than it did.[5] For these reasons, the Court

---

[5] Mr. Gale's only cited authority is an out-of-circuit district court decision, and is neither controlling nor persuasive, particularly since that decision *permitted* late amendment, despite prejudice to the opposing party. *See Acoustic Processing Technology, Inc. v. KDH Electronic Systems, Inc.*, 724 F.Supp.2d 128, 131 (D. Maine 2010).

finds no clear error in the ruling of the Magistrate Judge allowing Denver to amend its Answer to assert the defense of *res judicata.*

**II. Denver's Motion for Summary Judgment**

    **A.  Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intl Corp.* 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine if the evidence presented is so contradictory that, if presented at trial, a judgment could enter for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering summary judgment, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof, the movant must establish every element of its claim or defense. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, as the Court finds is the case here, no trial is required and the Court applies the law to the undisputed facts.

**B. Application**

Denver moves for summary judgment asserting "claim preclusion" and "issue preclusion." (#**61** at 13, ¶10 **; #71**). Application of the doctrine of *res judicata* (*i.e.*, "claim preclusion")[6] is dispositive.

Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or ***could have been raised*** in the action. *Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002). Here, Denver argues that Mr. Gale's § 1983 claims could have been brought in his C.R.C.P. 106(a)(4) action, and thus he is barred from asserting them in this matter. Because Denver asserts the preclusive effect of a judgment rendered by a Colorado court, Colorado preclusion law controls. *Nichols v. Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 506 F.3d 962, 967 (10th Cir. 2007), *abrogated on other grounds as recognized in Onyx Properties LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.,* 838 F.3d 1039, 1043 n. 2 (10th Cir. 2016).

Assertion of the doctrine of *res judicata* is an affirmative defense,[7] and therefore Denver has the burden of establishing all of its elements. Under Colorado law, there are four[8]: (1) a final

---

[6] The Court recognizes that recent decisions reflect an evolution of terminology from reference to *res judicata* to claim preclusion and from collateral estoppel to issue preclusion. *See, e.g.*, *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 76 n.1 (1984); *Foster v. Plock*, 394 P.3d 1119, 1123–24 (Colo. 2017). However, application of the more modern terms requires a firm grasp of the difference between a "claim" and an "issue" which occasionally proves troublesome. Thus, for simplicity purposes, the Court employs the term *res judicata*.

[7] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 2009).

[8] Denver relies upon the Tenth Circuit's articulation of a three-element test for application of *res judicata* under federal law. (#**71** at 7–8 (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th 1999))). These elements differ from Colorado law, in that Colorado maintains "identical subject matter" as an element which the federal standard omits. *Id.*; *Foster*, 394 P.3d at 1126–27. Mr. Gale correctly points out that Colorado law controls. He argues that Denver's recitation of the wrong law constitutes an abandonment or waiver, mandating denial of Denver's Motion. (#**76** at 30). The Court does not regard the error as either an abandonment or waiver.

judgment in a prior proceeding; (2) the prior and current proceedings shared identity of subject matter; (3) the prior and current proceedings shared identity of claims; and (4) the parties in both proceedings were identical (or in privity). *Foster*, 394 P.3d at 1123.

1) Identity of Parties

There is no dispute that the fourth element is established. Mr. Gale and Denver were the parties in both the C.R.C.P. 106(a)(4) action and this action.

2) Final Judgment

The first element is established as well. Finality in a judgment requires that it be "sufficiently firm in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review." *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005) (quoting Restatement (Second) of Judgments § 13, comment g). When the judgment was entered by the District Court, Mr. Gale appealed as of right to the Colorado Court of Appeals, which affirmed the ruling. (#**80-1**). *Gale v. Career Serv. Auth. Bd. of the City & Cnty. of Denver*, No. 17CA0736, 2018 WL 1545485 (Colo. Ct. App. Mar. 29, 2018). This completed his appeal as of right. Then on May 11, 2018, Mr. Gale filed a petition for a writ of certiorari in the Colorado Supreme Court, in which a single issue is raised - whether the Administrator lacked authority to terminate Mr. Gale's employment under Denver's Charter. (##**81, 71-13**). Even if the petition is granted, the scope of review will not impact the issue presented in this matter. *See Carpenter v. Young*, 773 P.2d 561, 567 (Colo. 1989). Thus, for purposes here, the judgment is final.

3) Identity of Subject Matter

The next element requires a showing that the two proceedings share an identity of subject matter. Under Colorado law, identity of subject matter focuses upon whether the same evidence would be used to prove different claims in the two actions. *Foster*, 394 P.3d at 1127. It is

9

essentially a transactional test. For example, claims involving the same parcel of land or agreement present identical subject matter. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Similarly, when separate actions arise from the same disclosure of confidential materials and involve the same timeline they have identical subject matter. *Foster*, 394 P.3d at 1127.

Mr. Gale makes no effort to explain how this case involves a different subject matter from his administrative appeal and C.R.C.P. 106(a)(4) action. (#**76** at 8). The operative facts pertaining to his discharge and the timeline of critical events surrounding it are identical. One might argue that Mr. Gale's claims of violation of his first amendment rights relate to events that predated his termination, but that has no effect on the analysis. He claimed that his discharge was unjustified in the C.R.C.P. 106(a)(4) action and such a showing is a necessary precursor to his claim of unconstitutional conduct here. Indeed, Mr. Gale clearly saw the facts pertinent to the retaliation claim based on his union activities as related to the legitimacy of his discharge when he asserted them before the hearing officer. In addition, the evidence pertinent to both actions is essentially the same - documents related to Denver's policies and Mr. Gale's discharge, Mr. Gale's and others' conduct preceding his discharge, and the rationale given by those who made the discharge decision. Thus, the "identity of subject matter" element is satisfied.

    4) Identity of Claims

The final element that must be established is that the two actions share an "identity of claims." This element requires an assessment of whether the claim at issue in this action is a claim that was or could have been brought in the first proceeding. *Foster,* 394 P.3d at 1127. The form of the action and the name of the claim are not dispositive – rather, the focus is upon the injury for which the claimant seeks relief. *Id.* Claims are tied by the same injury where they

essentially a transactional test. For example, claims involving the same parcel of land or agreement present identical subject matter. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Similarly, when separate actions arise from the same disclosure of confidential materials and involve the same timeline they have identical subject matter. *Foster*, 394 P.3d at 1127.

Mr. Gale makes no effort to explain how this case involves a different subject matter from his administrative appeal and C.R.C.P. 106(a)(4) action. (#**76** at 8). The operative facts pertaining to his discharge and the timeline of critical events surrounding it are identical. One might argue that Mr. Gale's claims of violation of his first amendment rights relate to events that predated his termination, but that has no effect on the analysis. He claimed that his discharge was unjustified in the C.R.C.P. 106(a)(4) action and such a showing is a necessary precursor to his claim of unconstitutional conduct here. Indeed, Mr. Gale clearly saw the facts pertinent to the retaliation claim based on his union activities as related to the legitimacy of his discharge when he asserted them before the hearing officer. In addition, the evidence pertinent to both actions is essentially the same - documents related to Denver's policies and Mr. Gale's discharge, Mr. Gale's and others' conduct preceding his discharge, and the rationale given by those who made the discharge decision. Thus, the "identity of subject matter" element is satisfied.

    4) Identity of Claims

The final element that must be established is that the two actions share an "identity of claims." This element requires an assessment of whether the claim at issue in this action is a claim that was or could have been brought in the first proceeding. *Foster,* 394 P.3d at 1127. The form of the action and the name of the claim are not dispositive – rather, the focus is upon the injury for which the claimant seeks relief. *Id.* Claims are tied by the same injury where they

essentially a transactional test. For example, claims involving the same parcel of land or agreement present identical subject matter. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Similarly, when separate actions arise from the same disclosure of confidential materials and involve the same timeline they have identical subject matter. *Foster*, 394 P.3d at 1127.

Mr. Gale makes no effort to explain how this case involves a different subject matter from his administrative appeal and C.R.C.P. 106(a)(4) action. (#**76** at 8). The operative facts pertaining to his discharge and the timeline of critical events surrounding it are identical. One might argue that Mr. Gale's claims of violation of his first amendment rights relate to events that predated his termination, but that has no effect on the analysis. He claimed that his discharge was unjustified in the C.R.C.P. 106(a)(4) action and such a showing is a necessary precursor to his claim of unconstitutional conduct here. Indeed, Mr. Gale clearly saw the facts pertinent to the retaliation claim based on his union activities as related to the legitimacy of his discharge when he asserted them before the hearing officer. In addition, the evidence pertinent to both actions is essentially the same - documents related to Denver's policies and Mr. Gale's discharge, Mr. Gale's and others' conduct preceding his discharge, and the rationale given by those who made the discharge decision. Thus, the "identity of subject matter" element is satisfied.

    4) Identity of Claims

The final element that must be established is that the two actions share an "identity of claims." This element requires an assessment of whether the claim at issue in this action is a claim that was or could have been brought in the first proceeding. *Foster,* 394 P.3d at 1127. The form of the action and the name of the claim are not dispositive – rather, the focus is upon the injury for which the claimant seeks relief. *Id.* Claims are tied by the same injury where they

concern all or any part of the transaction or series of connected transactions out of which the original action arose. *Argus*, 109 P.3d at 609.

This action and Mr. Gale's C.R.C.P. 106(a)(4) action both arise from the same injury, his discharge. Mr. Gale's federal claims under 42 U.S.C. § 1983 could have been pursued in his C.R.C.P. 106(a)(4) action in state court because federal and state courts have concurrent jurisdiction in § 1983 actions. *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 621 (10th Cir. 1987). Indeed, C.R.C.P. 106(a)(4)(VI) anticipates joinder of additional claims in a C.R.C.P. 106(a)(4) action. *See, e.g.*, *City of Colorado Springs v. Givan*, 897 P.2d 753, 755–56 (Colo. 1995). It reads: "Where claims other than claims under this Rule are properly joined in the action, the court shall determine the manner and timing of proceeding with respect to all claims."

Colorado courts have held that although a claimant need not seek judicial review of administrative proceedings, if he or she does so by invoking the provisions of C.R.C.P. 106(a)(4), then all constitutional and statutory challenges must be litigated in the action. *Powers v. Board of Commissioners*, 651 P.2d 463, 464 (Colo. Ct. App 1982) ("When a C.R.C.P 106(a)(4) action is timely filed, public policy requires the joinder of all of the petitioners claims in one action."); *Marino v. Willoughby*, 618 P.2d 728 (Colo. Ct. App 1980).

Federal courts have followed Colorado law in this regard, repeatedly finding that determinations made in a C.R.C.P. 106(a)(4) action have preclusive effect with regard to subsequently brought federal claims. *See Bolling v. City & Cnty. Of Denver*, 790 F.2d 67 (10th Cir. 1986) (§ 1983 and Title VII claims barred); *Stone v. Department of Aviation*, 453 F.3d 1271 (10th Cir. 2006) (ADA counterclaim barred). As the Tenth Circuit noted in *Bolling:*

> Colorado gives preclusive effect to a state court judgment that reviews an administrative determination. *See Norby v. City of Boulder,* 195 Colo. 231, 577 P.2d 277, 280–81 (1978) (en banc). Moreover, when a party files an action under Colo. R. Civ. P.

> 106(a)(4) to review an administrative determination, as Bolling did here, Colorado "public policy requires the joinder of all of the petitioners claims in one action." *Powers v. Board of County Commissioners,* 651 P.2d 463, 464 (Colo. Ct. App. 1982); *see also Norby,* 577 P.2d at 281.

*Bolling*, 790 F.2d at 67–68.[9]

Mr. Gale argues that the requirement that all claims be joined in the C.R.C.P. 106(a)(4) action is not binding, at least with regard to § 1983 claims, in light of two Colorado Supreme Court decisions—*Board of County Commissioners v. Sundheim*, 926 P.2d 545 (Colo. 1996), and *State Board of Chiropractic Examiners v. Stjernholm*, 935 P.2d 959 (Colo. 1997). Mr. Gale argues that these cases stand for the proposition that § 1983 claims need not be brought in a C.R.C.P. 106(a)(4) action, and therefore the failure to bring them does not preclude assertion in subsequent action.

The Court begins with the facts in *Sundheim.* There, the plaintiffs were denied a special land use permit by a board of county commissioners. Although denial of a special use permit is a quasi-judicial action, the plaintiffs did not seek review under C.R.C.P. 106(a)(4), but rather brought an independent action stating a § 1983 claim in state court. The question posed to the trial court was whether the 30-day time period for bringing an action under C.R.C.P. 106(a)(4) applied to the § 1983 action. The trial court found that the 30-day time for filing the C.R.C.P. 106(a)(4) action also applied to the § 1983 claim. Because the § 1983 claim was not timely asserted, the trial court dismissed it as barred. The Colorado Court of Appeals reversed the trial court's dismissal, holding that §1983 claims may exist separately from the C.R.C.P. 106(a)(4) action.

---

[9] *See also Estate of Bassatt v. Sch. Dist. No. 1 in the City & Cnty. of Denver*, 775 F.3d 1233, 1237 (10th Cir. 2014); *Crocog Co. v. Reeves*, 992 F.2d 267, 269 (10th Cir. 1993); *Gonzalez City & Cnty. of Denver*, 2014 WL 641934, at *3 (D. Colo. Feb. 19, 2014).

On certiorari, the Colorado Supreme Court held that a § 1983 claim requesting an award of damages did not have to be brought within the 30-day filing limitation required for C.R.C.P. 106(a)(4) actions. The Supreme Court's reasoning is of import here.

> C.R.C.P. 106(a)(4) provides the exclusive remedy for reviewing a quasi-judicial decision made by a government entity. *Colorado State Bd. of Land Comm'rs v. Colorado Mined Land Reclamation Bd.,* 809 P.2d 974, 981 (Colo. 1991); *Snyder v. City of Lakewood,* 189 Colo. 421, 427, 542 P.2d 371, 375 (1975), *overruled in part, Margolis v. District Court,* 638 P.2d 297 (Colo.1981). For this reason, a C.R.C.P. 106(a)(4) complaint must include all causes of action, including constitutional claims, in a single C.R.C.P. 106(a)(4) action. *Norby v. City of Boulder,* 195 Colo. 231, 236, 577 P.2d 277, 281 (1978); *Snyder,* 189 Colo. 421, 542 P.2d 371. Additionally, C.R.C.P. 106(b) requires that a complaint seeking C.R.C.P. 106(a)(4) review must be filed within thirty days of the final decision by the government entity.
>
> The analysis shifts, however, when a complainant asserts a claim for money damages under § 1983 because claims under § 1983 exist as a "uniquely federal remedy" that "is to be accorded a sweep as broad as its language." *Felder v. Casey,* 487 U.S. 131, 139, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988) (*quoting Mitchum v. Foster,* 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972), and *United States v. Price,* 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966)). The United States Supreme Court has held that when a state places procedural barriers that deny or limit the remedy available under § 1983, those barriers must give way or risk being preempted. *Felder,* 487 U.S. at 144–45, 108 S.Ct. at 2309–10.
>
> * * *
>
> [I]mposing C.R.C.P. 106(b)s thirty-day filing deadline on the Sundheims' § 1983 action represents a procedural barrier that hinders the exercise of their federal rights. While we recognize that strict enforcement of the thirty-day limitation serves to promote government efficiency and sound municipal planning, those interests must give way to the compelling federal interest of giving § 1983 actions a broad berth.

*Sundheim,* 926 P.2d at 548-549 (footnotes omitted).

The next year, the Supreme Court decided *Stjernholm*. The facts in *Stjernholm* are complicated.[10] Simply stated for purposes of this discussion, the state licensing board suspended the Dr. Stjerholm's chiropractic license. He sought judicial review in the Colorado Court of Appeals pursuant to the provisions of Colorado's Administrative Procedure Act ("APA"). Before the action was resolved, however, he filed suit in the Colorado trial court asserting § 1983 claims. The trial court dismissed the § 1983 claims as barred. The Colorado Court of Appeals reversed the dismissal of the § 1983 claims based on *Sundheim,* reasoning that such claims could be considered separately from an APA action. The Supreme Court agreed, but ultimately held that Dr. Stenholm's § 1983 claims were moot. Of pertinent note is the Supreme Court's discussion about the effect of *Sundheim.*

> The Board argues that Stjernholm's failure to raise all constitutional issues in [his APA review action] precludes litigation of those issues in this section 1983 action by reason of *res judicata*. A court reviewing agency action is competent to review state and federal constitutional issues therein, and parties are ordinarily barred from raising issues which were not presented in a single action for judicial review. But, in *Board of County Commissioners v. Sundheim*, 926 P.2d 545, 548–49 (Colo.1996), we held that a suit under section 1983, a federal cause of action, can exist separately from a C.R.C.P. 106(a)(4) action challenging the quasi-judicial decision of a governmental body. * * * In order to effectuate the applicable two-year statute of limitations which differed from the thirty-day filing requirement for judicial review of local governmental action under C.R.C.P. 106(a)(4), we recognized in *Sundheim* that failure to join the section 1983 claims in the suit for judicial review of agency action does not result in preclusion of the federal claims. *Id*. at 549.
>
> Our rationale in *Sundheim* allowing a section 1983 claim to be tried independently also applies here. Judicial review of state

---

[10] The case arose out of a summary license suspension which the Board of Chiropractic Examiners imposed on Dr. Stjernholm in the course of a quasi-judicial disciplinary proceeding under the Chiropractic Act. Three administrative disciplinary proceedings, two § 1983 actions, and three decisions by the Colorado Court of Appeals preceded the decision by the Colorado Supreme Court.

14

> agency action under APA section 24-4-106(7) is the counterpart to judicial review of local governmental action under C.R.C.P. 106(a)(4). Here, judicial review of this agency's action must commence in the court of appeals under a special statutory provision of the Chiropractic Act, while section 1983 lawsuits are tried in the district court. Review of agency action, whether in the district court or the court of appeals, is essentially appellate in nature based on the Boards administrative record. *See* § 24-4-106(6), 10A C.R.S. (1988). Section 1983 suits involve evidentiary presentation to and fact finding by a district court. As to the alleged federal constitutional violations essential to a section 1983 action, the court of appeals did not err in refusing, as a general matter, to employ *res judicata* to preclude section 1983 litigation in the district court.

*Stjernholm*, 935 P.2d at 967.

If the above language is read in isolation, it offers some support to Mr. Gale. But reading the cases together, the Court concludes that neither *Sundheim* or *Stjernholm* stand for the proposition that § 1983 claims need not be asserted in a pending C.R.C.P. 106(a)(4) proceeding.

*First*, careful reading of each opinion reveals its narrow application. In *Sundheim*, there was no C.R.C.P. 106(a)(4) action. Instead, the plaintiffs brought an independent § 1983 claim in state court. The issue was whether the 30-day time period for bringing the C.R.C.P. 106(a)(4) action also applied to the § 1983 claims. Unremarkably, the Colorado Supreme Court said "no," because the § 1983 claim arises under federal law, and it would be improper for a state procedural filing requirement to prematurely extinguish a federal right. This case can be understood as illustrating several accepted precepts – that state procedural rules do not trump a federal substantive right, that under Colorado law a claimant need not seek judicial review of administrative proceedings, and that if no judicial review under C.R.C.P. 106(a)(4) is sought, then an independent action to assert a § 1983 claim is not foreclosed.

In *Stjernholm,* the plaintiff sought judicial review of an administrative decision, but the review afforded was not under C.R.C.P. 106(a)(4), but instead under the Chiropractic Act,

15

section 12–33–121, 5A C.R.S. (1991), and APA section 24–4–106(11). The review occurred in the Colorado Court of Appeals and was based on an administrative record. Unlike a C.R.C.P. 106(a)(4) action, the process offered no opportunity for assertion of a § 1983 claim which would require the opportunity to present evidence. Because a § 1983 claim could not be brought in the proceeding reviewing the board's action, the failure to do so had no significance for purposes of application of the doctrine of *res judicata*.

At most, *Sundheim* and *Stjernholm* stand for the proposition that if a plaintiff does not or cannot bring a C.R.C.P. 106(a)(4) action to challenge governmental action, he or she may raise a § 1983 claim in a free standing action.[11] Mr. Gale has not identified nor has the Court found any opinion issued by Colorado courts in the past 20 years that interprets these cases more broadly. *Sundheim* remains good law for the statute of limitations issue that it resolved. *Frazier v. Williams*, 401 P.3d 541, 546 (Colo. 2017). *Stjernholm* is cited with regard to other legal issues. S*ee, e.g.*, *Archibold v. Pub. Utilities Comm'n of State of Colo.*, 58 P.3d 1031, 1036 (Colo. 2002) (mootness); *Hoffler v. Colo. Dep't of Corr.*, 27 P.3d 371, 374 (Colo. 2001) (official immunity). This leaves little reason believe that *Stjernholm* creates a broad exception to the requirement that § 1983 claims be brought in a C.R.C.P. 106(a)(4) action, if one is initiated.

*Second,* the procedural facts of this case are unlike those presented in *Sundheim* and *Stjernholm.* Unlike *Stjernholm*, the procedural review process for Mr. Gale's discharge is governed by C.R.C.P. 106(a)(4), which allows for the joinder of § 1983 claims. Unlike *Sundheim*, Mr. Gale invoked the C.R.C.P. 106(a)(4) process. Thus, the Court finds no application for *Sundheim* and *Stjernholm* in this matter.

---

[11] In addition, the language from *Stjernholm* upon which Mr. Mr. Gale relies is arguably *dicta* as it has no relationship with the holding of the case, that Dr. Stjernholm's § 1983 claims were moot.

*Finally*, the rationale for the doctrine of *res judicata* is to avoid relitigation of claims that can be tried in a single action. Thus the "identity of claims" element under Colorado law does not turn on whether a claim *must be brought* in the earlier action, only whether it *could be brought*. *Foster*, 394 P.3d at 1127; *see also Wilkes*, 314 F.3d at 503–04. Mr. Hale points to no legal or practical impediment that prevented him from bringing his *§ 1983 claims* in his C.R.C.P. 106(a)(4) action. Colorado courts have concurrent jurisdiction to hear such claims and C.R.C.P. 106(a)(4)(VI) expressly authorizes such claims to be joined in the state court review process. Thus, there was no legal impediment. As Mr. Gale filed this action only a month after initiating his C.R.C.P. 106(a)(4) action, it would appear that there also was no practical impediment to asserting his § 1983 claims in the C.R.C.P. 106(a)(4) action. Consequently, both this action and the C.R.C.P. 106(a)(4) action share an identity of claims.

All of the elements of *res judicata* having been established, Denver is entitled to judgment as a matter of law on its affirmative defense of *res judicata*. Mr. Gales' § 1983 claims are barred and therefore are dismissed.[12]

---

[12] Because the doctrine of *res judicata* bars Mr. Gale's § 1983 claims, the Court need not reach Denver's separate defense of collateral estoppel, or issue preclusion. Nevertheless, having reviewed the record, it appears that the doctrine of issue preclusion likely would bar Mr. Gale's second claim for relief, for union-related retaliation in violation of his right to free association, because the issue was raised, litigated, and necessarily adjudicated in Mr. Gale's administrative appeal. *See Villas at Highland Park Homeowners Ass'n, Inc. v. Villas at Highland Park, LLC*, 394 P.3d 1144, 1152 (Colo. 2017).

**CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (#**62**) to the Magistrate Judge's Order (#**60**) granting the Defendant's Motion for Leave to Amend Defendant City and County of Denver's Answer (#**32**). Further, the Defendant's Motion for Summary Judgment (#**71**) is **GRANTED** as set out above. Judgment shall issue in favor of Defendant, and Defendant shall have its costs upon compliance with D.C.COLO.LCivR 54.1. The Clerk shall close this case.

Dated this 1st day of June, 2018.

                                            **BY THE COURT:**

                                            *Marcia S. Krieger*

                                            Marcia S. Krieger
                                            Chief United States District Judge